UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **NAVAJO TRANSITIONAL ENERGY COMPANY,**<br><br>Plaintiff,<br><br>vs.<br><br>**FIRST NATIONAL CAPITAL, LLC,** *et al.*,<br><br>Defendants. | 2:23-CV-12200-TGB-CI<br><br>**ORDER GRANTING REQUEST FOR LIMITED JURISDICTIONAL DISCOVERY AND ORDERING AMENDED RESPONSE TO SHOW CAUSE ORDER** |

Navajo Transitional Energy Company (NTEC) sued four defendants—First National Capital LLC, Christopher Gentry, Juno Capital LLC, and Burch & Company, Inc.—for breach of contract, declaratory relief, and injunctive relief after they refused to indemnify NTEC in a financing dispute with another entity. It asserted that this Court had diversity jurisdiction over the case under 28 U.S.C. § 1332.

After reviewing the complaint, the Court was unable to determine whether the parties were completely diverse. First, the complaint did not adequately allege NTEC's own citizenship or the citizenship of First National Capital LLC and Juno Capital LLC. These parties are limited liability companies. NTEC alleged only their principal place of business, but a limited liability company is considered to have the citizenships of all of its members and sub-members. *See Delay v. Rosenthal Collins Grp.,*

1

*LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Second, the complaint did not properly allege the citizenship of Burch & Company, Inc. This party is a corporation. NTEC alleged its primary place of business but not its state of incorporation. *See* 28 U.S.C. §1332(c)(1).

On September 18, 2023, the Court issued an order for NTEC to show cause why its complaint should not be dismissed for lack of subject-matter jurisdiction, directing it to submit a certification of the citizenships of all members and sub-members of NTEC, First National Capital LLC, and Juno Capital LLC, as well as Burch & Company, Inc.'s state of incorporation. ECF No. 4.

NTEC responded timely to the show-cause order. ECF No. 5. It asserted that information regarding the citizenship of the members and sub-members of the limited liability companies and the state of the incorporation of Burch & Company, Inc. was not publicly available. So, it asked for 90 days to conduct limited jurisdictional discovery to ascertain the citizenship of these entities.

District courts have discretion to decide whether jurisdictional discovery is needed. *Cooper v. Glen Oaks Healthcare LLC*, No. 22-5570, 2023 WL 165961, at *1 (6th Cir. Jan. 12, 2023); *see also Hohman v. Eadie*, 894 F.3d 776, 781 (6th Cir. 2018) (noting that a district court's decisions regarding discovery matters are reviewed for abuse of discretion). And the Sixth Circuit has instructed that "litigants and district courts must assure themselves of subject-matter jurisdiction at the earliest possible

moment." *Akno 1010 Market Street St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022).

As the Court believes that limited jurisdictional discovery will be most efficient route to determine whether it may hear this dispute, NTEC's request for leave to conduct this discovery will be **GRANTED**. Nonetheless, as this discovery is limited to ascertaining the citizenship of the members and sub-members of the limited liability company entities and the state of incorporation of Burch & Company, Inc. and may not be used as a guise to conduct other discovery, NTEC must complete this discovery within 30 days. And it may have another 14 days after that to frame an amended response to the show-cause order.

**IT IS ORDERED** that, within **45 DAYS** of the entry of this order, NTEC must file an amended response to this Court's September 18, 2023 Order to Show Cause.

**IT IS SO ORDERED**, this 25th day of October, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

3